Citation Nr: 1522693 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-09 422A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for sleep apnea.


REPRESENTATION

Appellant represented by: Paralyzed Veterans of America, Inc.


ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel







INTRODUCTION

The Veteran had active military service from May 1981 to September 2004.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas, which, in pertinent part, denied service connection for sleep apnea.

The issue of entitlement to an annual VA clothing allowance for the year 2013 has been raised by the record in a January 2015 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran asserts that his sleep apnea is related to military service. 

During the development of the claim, the Veteran was afforded a VA examination in February 2009. The examiner diagnosed sleep apnea and noted that the condition was stable. However, he did not provide an opinion as to whether the condition was related to military service. As such, an additional examination must be provided on remand. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran of a VA examination to determine the etiology of his sleep apnea. The claims file, including this remand, must be reviewed by the examiner and such review should be noted the examination report.
Following examination of the Veteran, the examiner is to provide an opinion as to whether it is at least as likely as note (a 50 percent probability or more) that the Veteran's sleep apnea had its onset during military service or is otherwise related to such service. 

The examiner must provide a rationale for all opinions provided. If an opinion cannot be offered without speculation, the examiner should indicate such and explain why an opinion cannot be offered, including what, if any information if evidence is necessary. 

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions.

2. Thereafter, if the benefit sought on appeal remains denied, issue a supplemental statement of the case before returning the case before the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).





 (CONTINUED ON NEXT PAGE)


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Thomas H. O'Shay
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).